IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:98CR121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RICHARD LARA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant Richard Lara to correct a sentencing error, Filing No. 414.  Defendant contends that the Bureau of Prisons (BOP) has improperly calculated his release date.

The record shows that on June 16, 1999, defendant Richard Lara was sentenced to 130 months imprisonment for one count of conspiracy to distribute drugs.  Filing No. 319.  Richard Lara was indicted on the federal charge on May 21, 1998.  Filing No. 1.  An arrest warrant was issued on May 22, 1998, as was an order for a writ of habeas corpus ad prosequendum.  Filing Nos. 1 & 2.  The arrest warrant was returned executed showing that he was arrested on May 26, 1998.  Filing No. 44.  He made his initial appearance in this court on May 27, 1998.  Filing No. 5.  An order of detention pending trial was entered on May 27, 1998.  Filing No. 9.  Superseding indictments were filed on July 23, 1998, and November 19, 1998.  Filing Nos. 121 & 169.

The court's judgment specified that "[d]efendant shall be given credit for time served and shall serve his time concurrent to any time imposed by the State of Nebraska."  Filing No. 319, Judgment in a Criminal Case at 2.  Defendant has shown that the Bureau of Prisons has calculated his term of imprisonment to run from the date his federal sentence

was imposed. Filing No. 318, Addendum, Ex. 4. In response to defendant Lara's request for correction of the perceived error, staff at the federal correctional facility stated:

> When the courts order a federal sentence to run concurrent to another state sentence, the federal terms begin on the date of the federal sentencing. In no case can a federal term commence earlier that (sic) the date of sentence. The Bureau of Prison cannot adjust a term imposed. If it was the Judge's intentions to reduce your terms to accommodate the time already spent in state custody, an amended judgment will be required.

*Id.* The record shows that defendant was arrested on the federal charge on May 26, 1998, and a federal detainer was placed on him May 27, 1998. Defendant was already in state custody at the time he was detained on the federal charge.

There has been no showing that the state charge resulted from an offense that was considered relevant conduct to the federal offense and provided the basis for an increase in the offense level on the federal charge in order to warrant a concurrent sentence. *See* U.S.S.G. § 5G1.3(b) (Nov. 1998). Ordinarily a federal sentence commences on the date defendant is received in custody to commence sentence at the official detention facility at which the sentence is to be served. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Accordingly, defendant's motion to amend the sentence will be denied.

For clarification, however, the court notes that it intended defendant's federal sentence to run from the date of sentencing. It is not clear whether the BOP calculated the defendant's sentence from that date or from the date he physically came into physical federal custody. The BOP has broad discretion to designate a defendant's place of imprisonment. See 18 U.S.C. § 3621(b). To the extent that the time defendant spent in state custody after his federal sentencing has not been credited to his federal sentence, the court recommends that the BOP designate the location where defendant was serving

2

his state sentence as the place of confinement on his federal sentence. If the BOP adopts this recommendation, defendant's federal sentence will effectively run concurrently with his state sentence, from and after the date of sentencing.

IT IS ORDERED:

1. The defendant's motion to correct sentencing error (Filing No. 414) is denied.

2. It is recommended that the Bureau of Prisons designate the location where defendant was serving his state sentence as the place of confinement on his federal sentence, to-wit: a facility operated by the Nebraska Department of Corrections.

DATED this 6th day of February, 2006

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE